IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT BOYD ROOD<br>1447 Hillspring Road<br>Bellingham, WA 98226<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>C/O Office of the Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>Defendant. | ) | COMPLAINT<br>18 USC §925A |

**COMES NOW** the Plaintiff, by and through undersigned counsel, and alleges as follows:

## PARTIES

1. Plaintiff, Robert Boyd Rood ("Plaintiff") is an adult male citizen of the State of Washington.
2. Defendant United States of America ("USA") is a jural entity.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331, 1346, 2202; 18 U.S.C. §925A; since the United States is a Defendant and the case arises under the Constitution and laws of the United States.

4. Venue is proper under 28 U.S.C. §1391(b)(1).

## STATEMENT OF FACTS

5. 18 U.S.C. §922(g)(1) provides that:

> "It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> ***
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

6. 18 U.S.C. §921(a)(20) provides that:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. **Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.** (emphasis added).

7. Plaintiff was charged by information on November 1, 1995 with attempting to elude a pursuing police vehicle. This conduct was alleged to have occurred on October 29, 1995 in violation of RCW 46.61.024, a class C felony. See Exhibit "1".

8. Plaintiff pleaded guilty to the charge on June 13, 1996 and completed all terms of his sentence. A certificate of discharge was entered by the Superior Court of the State of Washington on October 31, 1996. A "Findings of Fact and Order Dismissing Charge and Vacating Record" was entered by that court on December 27, 2001. See Exhibit "2".

9. Among other things, the court found that the offense of attempting to elude is "not a violent offense… nor … a crime against persons…" The court also found that Washington law "allows the court to vacate a defendant's record if the defendant meets the prerequisites…" under the law. The court held that Plaintiff had "satisfied the requirements" of state law for that relief. *Id*.

10. The court then allowed Plaintiff to withdraw his guilty plea and enter a plea of not guilty. The court then dismissed the information and vacated his record of conviction. *Id*.

11. On January 17, 2003, the court entered an order finding Plaintiff rehabilitated and qualified pursuant to state law, to have his right to possess a

firearm restored. The court then restored Plaintiff's right to possess firearms. See Exhibit "3."

12.Plaintiff is not a prohibited person under either state or federal law to own, possess, receive or transport firearms.

13. To prevent the erroneous denials or extended delays, in 2003, Plaintiff applied for and was provided a Unique Personal Identification Number (UPIN). The UPIN exists to allow NICS to maintain an individual's records in the Voluntary Appeal File (VAF).

14.The VAF "was established to assist in these types of situations by providing a way for an individual to request that NICS maintain information to clarify their identity or past events to prevent future extended delays or erroneous denials on firearm transfers."[1]

15.On December 9, 2016, Plaintiff attempted to purchase a firearm and was erroneously denied. The NTN for the erroneous denial is 1003RLB3Y.

16.Because Plaintiff knew he had a UPIN and was not a prohibited person, he requested that a second background check be performed. That second check was also denied. That NTN is 1003SSHS1.

---

[1] https://www.fbi.gov/services/cjis/nics/national-instant-criminal-background-check-system-nics-appeals (last accessed May 5, 2017).

17. Plaintiff appealed the denial from the FBI and requested the reason for denial.

18. Plaintiff received a response, dated December 14, 2016, that referenced as the basis for denial 18 U.S.C. §§ 921(a)(20) and 922(g)(1), ostensibly for the crime for which he has already received both an Order Dismissing Charge and Vacating Record and an Order Restoring Right to Possession Firearms. See Exhibit "4."

19. Under 28 C.F.R. § 25.10, the FBI has an obligation to verify the record correction with the originating agency and take all necessary steps to correct the record in NICS. This is not a discretionary duty. Instead, NICS improperly shifts the burden back to individuals to remedy.

20. Even if it were Plaintiff's duty to correct, Plaintiff has already utilized this administrative remedy as he has already been issued a UPIN so that NICS will have all his correct information in the system already and so that Plaintiff will not be erroneously denied a firearm or subject to extended delays.

21. On January 20, 2016, USA Today reported that the FBI is halting "the processing of thousands of appeals from prospective buyers whose firearm purchase attempts have been denied."[2]

[2] http://www.usatoday.com/story/news/nation/2016/01/19/fbi-guns-background-checks/78752774/?siteID=je6NUbpObpQ-BbTAhOhBe3xFjZr6NOLwLQ (last accessed May 2, 2017).

22. Now, NICS states that it "is currently processing appeal cases and Voluntary Appeal File (VAF) cases received in August 2015.[3]

23. Mandating that Plaintiff wait an unknown number of years to fix an error that has supposedly already been corrected is an insufficient remedy.

24. First, Plaintiff already has submitted his VAF and received his UPIN. Secondly, this scenario deprives Plaintiff of his fundamental Second Amendment rights while waiting for NICS to process appeals from August 2015.

25. Regardless of whether NICS is processing appeals or not, it is an insufficient remedy when it appears as though Defendant already has the correct records in its files and Plaintiff should be deemed to have exhausted his administrative remedies.

## COUNT I

26. Plaintiff incorporates each previous paragraph as if set forth herein again.

27. 18 U.S.C. § 925(a) provides

> Any person denied a firearm pursuant to subsection (s) or (t) of section 922—
>
> (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the

[3] https://www.fbi.gov/services/cjis/nics/national-instant-criminal-background-check-system-nics-appeals (last accessed May 5, 2017).

> national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or
>
> (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,
>
> may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

28. Plaintiff requests that an order issue directing that any erroneous information be corrected and the transfer be approved.

29. Defendant’s conduct burdens Plaintiff’s Second Amendment rights as it prohibits him from purchasing firearms in his state of residence: Washington.

30. Defendant’s conduct additionally burdens Plaintiff’s Second Amendment rights as Defendant acts to arbitrarily and capriciously revoke Plaintiff’s rights without due process of law.

31. Plaintiff has a right to purchase a firearm from a Federal Firearms Licensee (FFL), and but for Defendant denying Plaintiff his rights, Plaintiff would be allowed to purchase a firearm from an FFL.

32. Additionally, Plaintiff is not a prohibited person and the Defendant should be immediately enjoined from denying Plaintiff his Second Amendment rights.

33. Plaintiff also requests an award of his attorneys' fees and costs and requests any other relief that he may be entitled to.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive, transport or possess a firearm;

(2) Order Defendant to allow the transfer of the firearm; and

(3) That Plaintiff be awarded his costs and attorney's fees and all other relief he is entitled to.

Dated: May 6th, 2017.

Respectfully Submitted,

ROBERT BOYD ROOD

**/s/ Stephen D. Stamboulieh**

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS 39130
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiff*